DOWNEY, Judge.
Appellee, Rosin, sued appellant, Bengyak, upon two promissory notes. The trial court entered summary judgment for Rosin and Bengyak has perfected this appeal, contending there are genuine issues of material fact remaining which preclude summary disposition of the case.
The complaint alleges that Bengyak executed two notes payable to Rosin and that said notes are due but Bengyak refuses to pay them. In his answer Bengyak affirmatively alleges that Rosin or her agent (Rosin’s deceased husband) released Beng-yak from the obligation represented by the notes. Rosin supported her motion for summary judgment by an affidavit which proves the allegation of her complaint, but is silent regarding Bengyak’s affirmative defenses. In that posture Bengyak was not required to prove anything. The burden is initially upon the movant for summary judgment to disprove the defenses. Regardless, Bengyak filed an affidavit swearing to the affirmative defense of release. At that point Rosin filed a counter affidavit stating that the alleged agent, her husband, was dead and thus Section 90.602, Florida Statutes (1981) (the dead man statute) would render Bengyak unable to prove the defense of release. In that state of the record the trial court entered summary judgment.
*221 As we indicated, because Rosin in the first instance had not carried the burden to wipe out the defenses, Bengyak was never called upon to support his defense by some sworn proof. Furthermore, Rosin’s contention that the dead man statute would preclude Bengyak from proving his defense is unavailing. We do not know whether it would or not. Some person not interested in the event of the cause could prove up the defense, or documentary evidence could be used for aught the record shows.
More importantly, the dead man statute is not applicable to the situation at hand. The claim being asserted is the claim of Roberta J. Rosin, not the claim of her husband. Bengyak would be disqualified as a witness if he were making a claim against the deceased husband’s estate, or heirs, etc. However, the claim being made is not against the deceased or one claiming under him. Therefore, the dead man statute will not be available to Rosin in resolving the issue created by the affirmative defense.
Accordingly, it was error to enter summary judgment for Rosin.
REVERSED.
LETTS and GLICKSTEIN, JJ., concur.